IN THE UNITED STATES COURT OF APPEALS
                         FOR THE FIFTH CIRCUIT

                         _____

                             No. 95-30360
                           Conference Calendar
                         _____


LUIS ENRIQUE GONZALEZ,

                                         Plaintiff-Appellant,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

                                         Defendant-Appellee.


                        - - - - - - - - - -
               Appeal from the United States District Court
                  for the Western District of Louisiana
                         USDC No. 95-CV-192
                        - - - - - - - - - -
                         (October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

     Appellant Luis Enrique Gonzalez, a federal prison inmate,

filed a petition for mandamus, seeking to require the Immigration

and Naturalization Service (INS) either to provide him with a

deportation hearing or to withdraw its detainer on him.

Subsequently, he filed a motion requesting the district court to

appoint counsel to represent him at his INS deportation hearing.

The magistrate judge denied the motion, and Gonzalez did not

_____

     [*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

appeal the ruling to the district court, pursuant to 28 U.S.C. § 636(b)(1).

The magistrate judge also filed a report recommending denial of Gonzalez's mandamus petition. The district court, in effect adopting the report, dismissed the action. The court did not advert to the magistrate judge's order denying the motion for counsel.

The only issue which Gonzalez states or discusses in his appellate brief is that counsel should be appointed to represent him before the INS, due to his indigency. Because Gonzalez failed to appeal the magistrate judge's denial of his counsel motion to the district court, this court lacks jurisdiction to consider it. Colburn v. Bunge Towing, Inc., 883 F.2d 372, 379 (5th Cir. 1989).

APPEAL DISMISSED.